IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON DOUGLAS HOSEA,

        Plaintiff,

v.                             No. 15cv247 WJ/KK

ALBUQUERQUE POLICE DEPARTMENT,
CITY OF ALBUQUERQUE,
ALBUQUERQUE TRAVELING CENTER,
GREYHOUND BUS LINES, INC., and
TWO UNKNOWN ALBUQUERQUE POLICE OFFICERS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. *See* Doc. 2, filed March 23, 2015. For the reasons stated below, the Court will **GRANT** the Application and **DISMISS** Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983 without prejudice. Plaintiff may file an amended complaint within 30 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

Plaintiff signed an affidavit in support of his Application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information in his Application is true. Plaintiff states that: (i) his average monthly income during the past 12 months was $189 in public assistance for food; (ii) his expected income for next month is $189 in public assistance for food; (iii) he is unemployed; and (iv) he has no cash, no money in bank accounts and no assets. The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because Plaintiff is unemployed, his only income is public assistance for food and he has no cash or assets.

**Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they

plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).  However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983, Doc. 1, alleges that he was a passenger on a Greyhound Bus and that during a stop at the Albuquerque Traveling Center[1] two unknown Albuquerque Police ("APD") Officers asked if they could search Plaintiff. Plaintiff also alleges that the Officers searched his bag, which was stowed under the bus, without Plaintiff's permission and destroyed it.  Plaintiff alleges that the two unknown APD Officers racially discriminated against him because they searched Plaintiff, who is black, and "a Mexican guy," but let the "white boys" go. *See Unites States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006) (a defendant making a selective enforcement claim alleging racial discrimination in traffic stops and arrests must present evidence from which a jury could reasonably infer that the law enforcement officials involved were motivated by a discriminatory purpose and their actions had a discriminatory effect).  Plaintiff asserts that Greyhound Bus Lines and the Albuquerque Traveling Center are liable for civil rights violations because they notified the police of Plaintiff's whereabouts.  Plaintiff asserts that the City of Albuquerque and

---

[1] Plaintiff does not provide an address for the "Albuquerque Traveling Center," but the context of his Complaint indicates he is referring to the City of Albuquerque's Alvarado Transit Center.

Albuquerque Police Department are liable for civil rights violations because they employed the two unknown APD Officers and did not properly train them.

The Court will dismiss the claims against the Albuquerque Police Department and the Albuquerque Traveling Center because they are not separate suable entities. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Court will dismiss the claims against Greyhound Bus Lines, Inc. because Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

The Court will dismiss the claims against the City of Albuquerque because the Complaint fails to state a claim against the City. Plaintiff's only allegations against the City of Albuquerque are that the City employed the two unknown APD Officers and did not properly train them. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court will dismiss the claims against the two unknown APD Officers without prejudice. "Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996); 2 Moore's Federal Practice § 10.02[d][i] (3d ed. 2014) ("A plaintiff using the John Doe appellation must not only allege that the defendant is unknown, but also provide, or attempt to provide, an adequate description or other known information so that service of process can at least be attempted."). "If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed." 2 Moore's Federal Practice § 10.02[d][i] (3d ed. 2014); *see Stratton v. City of Boston*, 731 F.Supp. 42, 45 (D.Mass. 1989) (dismissing case against unknown defendants and allowing plaintiffs leave to file an amended complaint where facts presented in submissions before the court make it appear that the plaintiffs could have inquired and obtained the names of the police officers on duty). The alleged unlawful search by the two Unknown Officers occurred on May 2, 2013. *See* Complaint at 6. The only information that Plaintiff has provided regarding the identity of the two unknown APD officers is that one wore glasses and one had short hair. Plaintiff has not provided an

adequate description or other information regarding the unknown APD officers so that service of process can at least be attempted, and has not indicated that he made any inquiry to determine the identity of the unknown APD officers during the two-year period between the alleged unlawful search and filing of his Complaint.

Because it is dismissing all of Plaintiff's claims, the Court will dismiss Plaintiff's Complaint without prejudice.  Plaintiff may file an amended complaint within 30 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2, filed March 23, 2015) is **GRANTED.**

**IT IS ALSO ORDERED** Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed March 23, 2015) is **DISMISSED without prejudice.**  Plaintiff may file an amended complaint within 30 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**